UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RONALD McTAGUE,<br><br>        *Plaintiff*<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security,*<br><br>        *Defendant* | No. 1:15-cv-296-DBH |

### REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the *pro se* plaintiff raise several grounds for appeal. After a careful review, I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, Finding 1, Record at 12; that he suffered from chronic atrial fibrillation accompanied by intermittent

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. The plaintiff did not file a document that could reasonably be construed as an itemized statement of the errors allegedly made by the administrative law judge, s*ee* ECF Nos. 17 & 18, until the commissioner had filed her opposition. He then filed a document entitled "'Objection' to the Commissioner[']s Opposition to My 'Statement of Errors'" (ECF No. 21), which ordinarily is forbidden under Local Rule 16.3(a)(2)(B), precluding further briefing. However, given the fact that the plaintiff is representing himself, I will excuse his failures to comply with this court's local rules. Oral argument was held before me on March 16, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

dizziness, chronic coagulation therapy, and obesity as a complicating factor, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), findings 3-4, *id*. at 12-13; that he had the residual functional capacity ("RFC") to perform light work, except that he could only walk and/or stand for four hours in an eight-hour workday, could never climb ladders, ropes, or scaffolds, should avoid unprotected heights, operation of dangerous machinery, sharp implements, and potential pulmonary irritants including extremes of humidity and temperature, and could climb stairs or ramps, balance, stoop, kneel, crouch, or crawl occasionally, Finding 5, *id*. at 16; that he could not perform any past relevant work, Finding 6, id. at 21; that, considering his age (51 years old on his alleged disability onset date, June 11, 2012), limited education, work experience, and RFC, and using the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision making, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 21-22; and that he, therefore, had not been disabled from June 11, 2012, through the date of the decision, March 26, 2014, Finding 11, *id*. at 22. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

   The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Issues Not Before the Court

The plaintiff appeals from the decision of the Commissioner of Social Security denying his application for benefits that was filed in June 2012. Record at 10. The administrative law judge's ruling on this application was issued on March 26, 2014. *Id*. at 23. The nature of an appeal is a review of a decision made by an individual or agency; this court cannot consider issues or evidence that was not first presented to that decision-maker. *E.g., Mannix v. Astrue*, Civil No. 08-437-B-W, 2009 WL 3152880, at *3 (D. Me. Sept. 29, 2009). This basic legal principle makes it impossible for this court to consider the plaintiff's "Statement of Errors" (ECF No. 18), a copy of a two-page medical record dated November 24, 2015, well after the ruling from which this appeal was taken had been issued, and the many events and diagnoses included in the plaintiff's "Objection" to the Commissioner's Opposition to my "Statement of Errors" (ECF No. 21), all of which have occurred "since 2012." *Id*. at [1].

The colon cancer and spinal cyst to which the plaintiff repeatedly refers, ECF Nos. 16 & 18, were not presented in the application that was eventually before the administrative law judge, Record at 65, and cannot be considered by this court for that reason as well. *Swormstedt v. Colvin*,

3

No. 2:13-cv-00079-JAW, 2014 WL 1513347, at *7 (D. Me. Apr. 16, 2014).  Should the plaintiff wish to pursue a claim for disability benefits due to these medical impairments, he is free to submit a new application, as the defendant suggests.  Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 20) at 7.

### B. Missing Workdays

The sole issue raised by the plaintiff over which this court has jurisdiction is his assertion that he is "limited to light duty 2 days a month/not possible."  Fact Sheet for Social Security Appeals: Plaintiff (ECF No. 16).  This apparently refers to the response of the vocational expert to a question from the plaintiff's then-attorney while testifying at the hearing to the effect that, if the plaintiff were unable to work two days per month due to symptoms or treatment of his symptoms, then the jobs which the vocational expert had identified as being available to the plaintiff in response to a hypothetical question from the administrative law judge would no longer be available to him.  Record at 61 & ECF No. 16-1.

The administrative law judge did not adopt this limitation, which apparently is based on the opinion of Zachary Greenier, a physician's assistant who treated the plaintiff, that the plaintiff's impairments would cause him to be absent from work more than three times per month.  Record at 467.  While the administrative law judge did not mention this particular limitation in his opinion, he did say that he gave weight to any of Greenier's opinions only to the extent that each opinion was supported by the record as a whole, concluding that "only very little weight is given Mr. Greenier's opinion in view of some of his propounded limitations that are far in excess of any that would be supported by the record as a whole."  *Id*. at 21.  The plaintiff has not identified any other medical opinion in the record supporting a consistent two- or three-day absence from work every month.

The administrative law judge gave greatest weight, *id*. at 20, to the opinions of the state-agency physician reviewers who reviewed the plaintiff's medical records and did not identify any restrictions that could reasonably be interpreted to cause the plaintiff to miss any workdays due to his impairments on a regular basis. *Id*. at 65-70, 92-98. These opinions provide substantial evidentiary support for the administrative law judge's implicit rejection of Greenier's opinion on this point; nothing more was required.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 4th day of April, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge